UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
GILBERT NICKENS, Jr.,                              :
                                                   :
            Plaintiff,                             :       Case No. 3:20-cv-14489 (BRM) (DEA)
                                                   :
        v.                                         :
                                                   :
MERCER COUNTY CORRECTIONAL                         :       **MEMORANDUM & ORDER**
CENTER, et al.,                                    :
                                                   :
            Defendants.                            :
_____:

**THIS MATTER** is opened to this Court on *pro se* Plaintiff Gilbert Nickens, Jr.'s ("Plaintiff" or "Nickens") civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee currently housed at the Mercer County Correctional Center ("MCCC") in Labertville, New Jersey. Previously, this Court granted Plaintiff's application to proceed *in forma pauperis*. (*See* ECF 2.) This Court must screen the allegations of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit. For the following reasons, the complaint shall proceed in part.

Plaintiff names the following Defendants in his complaint: (1) MCCC; (2) Warden Charles Ellis; (3) Brian M. Hughes; (4) CFH Health Services, Inc.; (5) Governor Phil Murphy; and (6) New Jersey Attorney General Gurbir Grewal. Plaintiff's allegations center around the conditions of his confinement at MCCC. Most notably, Plaintiff complains about the lack of safety measures in place at MCCC to protect him from COVID-19 infection. He specifically mentions the lack of social distancing, lack of masks, lack of running showers for months and lack of water fountains

on his unit. Plaintiff alleges he filed administrative grievances but never received responses. This also includes directly writing Defendant Hughes about the conditions at MCCC.

District courts are directed to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) & 1915A(b). The legal standards for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A(b) are the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000));  *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). The applicable standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to

support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Therefore, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

As a pretrial detainee, Plaintiff's condition of confinement claims are analyzed under the Fourteenth Amendment as opposed to the Eighth Amendment. *See Hubbard v. Taylor,* 538 F.3d 229, 231 (3d Cir. 2008) (explaining that Fourteenth Amendment applies to pretrial detainees' conditions of confinement claim). "The Constitution mandates that prison officials satisfy inmates' 'basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety.'" *Duran v. Merline,* 923 F. Supp. 2d 702, 719 (D.N.J. 2013) (quoting *Helling v. McKinney,* 509 U.S. 25, 32 (1993)) (remaining citation omitted). A plaintiff must allege that the defendant knew of and

disregarded an excessive risk to plaintiff's health. *See Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Given the early nature of these proceedings, and out of the abundance of caution given the COVID-19 pandemic, Plaintiff's claims shall proceed past screening against Defendants Ellis, Hughes and CFH Health Services, Inc. With respect to supervisors, the United States Court of Appeals for the Third Circuit has

> recognized that "there are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010) (quotation and alteration marks omitted).

*Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016); *see also A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Detention Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). More specifically,

> t[o] establish supervisory liability, a plaintiff must show: "(1) the existence of a policy or practice that created an unreasonable risk of an Eighth Amendment violation; (2) the supervisor's awareness of the creation of the risk; (3) the supervisor's indifference to the risk; and (4) that the plaintiff's injury resulted from this policy or practice." *Thorpe v. Little*, 804 F. Supp. 2d 174, 184 (D. Del. 2011), citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989). Put another way, supervisory liability "may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or if the supervisor's actions and inactions were 'the moving force' behind the harm suffered by the plaintiff." *Jackson v. Taylor*, 2006 WL 2347429, at *2 (D. Del. 2006).
>
> A defendant could be held liable for personal involvement, but for there to be personal involvement, "[a]llegations of participation or actual knowledge and acquiescence...must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

4

> As a general rule, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. *See Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dept. Of Social Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). In *Iqbal*, the Supreme Court held that "[b]ecause vicarious or supervisor liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Thus, each government official is liable only for his or her own conduct. The Court rejected the contention that supervisor liability can be imposed where the official had only "knowledge" or "acquiesced" in their subordinates conduct. See *id*, 129 S. Ct. at 1949.

*Szemple*, 2016 WL 1228842, at *5.

Plaintiff's allegations against all three of these defendants will be permitted under both supervisory theories. First, construed liberally, Plaintiff's allegations regarding the conditions at MCCC could possibly be considered a policy or custom. Second, it appears Plaintiff's allegations regarding the conditions at MCCC as stated in his complaint are ongoing. Numerous courts have explained that a plaintiff states a claim by alleging that a supervisory defendant reviewed a grievance where the plaintiff alleges an ongoing violation as she "'is personally involved in that violation because [s]he is confronted with a situation [s]he can remedy directly.'" *Carter v. Smith*, No. 08–279, 2009 WL 3088428, at *6 (E.D. Pa. Sept. 23, 2009) (quoting *Harnett v. Barr*, 538 F. Supp. 2d 511, 524–25 (N.D.N.Y. 2008)); *see also Zappulla v. Fischer*, No. 11–6733, 2013 WL 1387033, at *10 (S.D.N.Y. Apr. 5, 2013) ("[T]he Complaint further alleges that Defendant Lee, after being informed of that ongoing violation through the grievance process, failed to remedy that wrong. Those allegations . . . are adequate to state a claim against Lee.") (citations omitted); *Whitehead v. Rozum*, No. 11–102, 2012 WL 4378193, at *2 (W.D. Pa. Aug. 7, 2012) ("In the prison setting, where a grievance alleges an ongoing constitutional violation, a supervisory defendant who reviews it is personally involved in that violation because he is confronted with a

5

situation he can remedy directly.") (citations omitted), *report and recommendation adopted by*, 2012 WL 4370929 (W.D. Pa. Sept. 24, 2012); *Williams v. Johnson*, No. 10–1290, 2011 WL 1396967, at *5 (E.D. Va. Apr. 11, 2011) ("In support of his argument, Williams states that Johnson was made aware of these violations through appeals to denials of grievances that Williams filed. To the extent that the [allegations] relate to ongoing constitutional violations that defendant Johnson was made aware of, Williams has plausibly stated a claim for which Johnson made be liable."); *Binsack v. Lackawanna Cnty. Prison*, No. 10–535, 2010 WL 4973309, at *3 (M.D. Pa. Oct. 14, 2010) ("A prisoner's grievance or complaint regarding ongoing abuse may be sufficient to put a prison official on notice of such abuse by other prison staff and therefore may show actual knowledge of an alleged constitutional violation and acquiescence in the events forming the basis of a prisoner's claims") (citing *Atkinson v. Taylor*, 316 F.3d 257, 270–71 (3d Cir. 2003)), *report and recommendation adopted by*, 2010 WL 4956329 (M.D. Pa. Dec. 1, 2010). Plaintiff specifically notes in his complaint that he filed administrative grievances with respect to the conditions at MCCC. Accordingly, the complaint shall proceed against Ellis, Hughes and CFH Health Services, Inc. on these two supervisory theories.

Nevertheless, the complaint shall not proceed against the remaining three defendants; (1) MCCC; (2) Governor Phil Murphy; or (3) New Jersey Attorney General Gurbir Grewal. With respect to MCCC, a jail is not a "person" subject to suit under § 1983. *See Parrish v. Ocean Cnty. Jail,* No. 13–2020, 2013 WL 5554687, at *2 (D.N.J. Sept. 20, 2013) (finding that Ocean County Jail is not a person subject to suit under 42 U.S.C. § 1983) (citations omitted); *Ross v. Burlington Cnty. Jail,* No. 12–338, 2013 WL 3514191, at *2 (D.N.J. July 11, 2013) (dismissing claims against jail with prejudice as it is not a person subject to § 1983 liability) (citations omitted); *Ruiz v. Stills,* No. 09–4259, 2012 WL 762166, at *4 (D.N.J. Mar.7, 2012) (dismissing Cumberland County Jail

from lawsuit because it is not a person subject to § 1983 liability) (citations omitted). Therefore, Plaintiff's claims against MCCC are dismissed with prejudice for failure to state a claim upon which relief may be granted.

Plaintiff's claims against Murphy and Grewal also fail to state a claim. Plaintiff's allegations against the Governor do not allege he maintained a policy or practice with respect to the conditions of MCCC, nor does Plaintiff allege his involvement in reviewing administrative grievances with respect to any possible ongoing violation at MCCC. With respect to Grewal, Plaintiff alleges prosecutors "downplayed" COVID-19 at his bail hearing and violated his rights by not releasing him. Here too though, Plaintiff fails to allege any "personal involvement" of Grewal in the *conditions at MCCC*, or whether he was involved in establishing the policy/custom of the conditions at MCCC.[1] Therefore, Plaintiff's claims against these two defendants are dismissed without prejudice for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS** on this 27th day of October 2020,

**ORDERED** that the Clerk shall file the complaint; and it is further

**ORDERED** Plaintiff's complaint against MCCC is dismissed with prejudice for failure to state a claim upon which relief may be granted; MCCC is terminated as a Defendant in this action; and it is further

---

[1] The complaint does allege Plaintiff wrote to Grewal. However, the complaint is not clear regarding whether the letter involved complaining about MCCC's conditions. Instead, it appears to relate to Plaintiff's complaint about what transpired at his bail hearing. As such, the claim against Grewal regarding MCCC's conditions lacks "facial plausibility" as alleged in the complaint.

**ORDERED** Plaintiff's complaint against Defendants Phil Murphy and Gurbir Grewal is dismissed without prejudice for failure to state a claim upon which relief may be granted; Murphy and Grewal are terminated as Defendants in this action; and it is further

**ORDERED** the complaint shall proceed against Defendants Charles Ellis, Brian M. Hughes and CFH Health Services, Inc.; and it is further

**ORDERED** the Clerk shall provide to Plaintiff a transmittal letter explaining the procedure for completing a United States Marshal ("Marshal") 285 Forms ("USM-285 Form") as to Defendants Ellis, Hughes and CFH Health Services, Inc.; and it is further

**ORDERED** once the Marshal receives the USM-285 Forms from Plaintiff and so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Forms that have been submitted by Plaintiff; and the Marshal shall serve summons the complaint, this memorandum and order on the address specified on each USM-285 Form, with all costs of service advanced by the United States[2]; and it is further

**ORDERED** the remaining Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12.

*/s/Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[2] Alternatively, the United States Marshal may notify defendants that an action has been commenced and request that the defendant waive personal service of a summons in accordance with Federal Rule of Civil Procedure 4(d).